# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

:

    Plaintiff,                                       Case No. 3:12-cv-338

:          District Judge Walter Herbert Rice
   -vs-                                        Magistrate Judge Michael R. Merz

ED SLATER, et al.,

:

    Defendants.

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action *pro se* against Ed Slater, the franchisee of the Domino's Pizza on West Third Street in Dayton; Joe LNU; the general manager; and Darius LNU, a so-called expert delivery driver at the same store (Complaint, Doc. No. 2).

The case is before the Court on Motion to Dismiss filed jointly by the three named Defendants through counsel (Doc. No. 7). Advised by the Court of his obligation to do so, Plaintiff has filed a response which he captioned "Motion to Dismiss" (Doc. No. 10).

Plaintiff claims that the three Defendants have created a hostile work environment in violation of the Civil Rights Act of 1991 arising from his employment at the referenced Domino's Pizza store. Defendant Joe, the general manager, allegedly criticized him in a hostile manner on October 3, 2012. Assistant Managers Kelly and Charlene, who are not sued, allegedly wrote him up for taking too much time off the clock and using a curse word in explaining something to a customer. Eventually, in October, 2012, Joe fired him because Darius

1

told Joe that Plaintiff had said he was going to beat Joe up.  Plaintiff seeks $666 million in damages (Complaint, Doc. No. 2, PageID 25).

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) on grounds the Complaint does not state a claim upon which relief can be granted.  In his Response, Plaintiff does not dispute the way in which the Defendants have summarized his factual allegations.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

*Twombly* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555.  Second, only a complaint that states a

3

plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. 662, 678 (2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009).  Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ...  Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice."  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

> Two recent decisions have changed the long-standing rule of *Conley v. Gibson*, in which the Supreme Court stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court said that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." In *Twombly*, the Court changed the standard applicable to Rule 12(b)(6) motions to dismiss Sherman Act claims by directing that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Acknowledging that material allegations must be accepted as true and construed in the light most favorable to the nonmoving party, the Court nevertheless held that complaints in which plaintiffs have failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. 550 U.S. at 569-70. The Court explained that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action.
>
> This new "plausibility" pleading standard causes a considerable problem for plaintiff here because defendants Scag and Louisville Tractor are apparently the only entities with the information about the price at which Scag sells its equipment to Louisville Tractor. This

4

> pricing information is necessary in order for New Albany to allege that it pays a discriminatory price for the same Scag equipment, as required by the language of the Act. This type of exclusive distribution structure makes it particularly difficult to determine whether discriminatory pricing exists.

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

Defendants argue that Plaintiff has not set forth any facts which would entitle him to relief under any federal civil rights statute. There is no entitlement under 42 U.S.C. § 1983 because Domino's Pizza is not a public employer. Defendants note that Plaintiff does not claim any of the harassment to which he was subjected was on the basis of race, religion, or national origin. Defendants made those arguments in their Motion and Mr. Edwards in his Response did not change or add to his allegations in any way. The claims that Mr. Edwards was treated poorly or even unfairly by his coworkers or supervisors simply is not a basis for suing in federal court. Even if the claims did state a claim for relief under Ohio law, the case could not be brought in federal court because all the parties are residents of the same state.

It is therefore respectfully recommended that the Complaint herein be dismissed without prejudice for failure to state a claim upon which relief can be granted.

The Magistrate Judge notes that, in his Complaint, Plaintiff acknowledged two prior lawsuits in this Court, Cases. No. 3:07-cv-455 and 3:03-cv-301. Upon examination of the records, the Magistrate Judge finds the following cases:

3:00-cv-171 Edwards v. Daimler Chrysler

3:03-cv-301 Edwards v. Daimler Chrysler

3:04-cv-121 Edwards v. City of Dayton

3:04-cv-205 Edwards v. Brown

3:07-cv-438 Edwards v. City of Dayton

3:07-cv-455 Edwards v. Dayton Veterans Admin. Center

3:08-cv-052 Edwards v. Arbors at Dayton

3:08-cv-075 Edwards v. Dayton VA

3:08-cv-155 Edwards v. Clark

3:08-cv-156 Edwards v. Turner

3:08-cv-157 Edwards v. Dayton VA

3:08-cv-158 Edwards v. Thompson

3:08-cv-397 Edwards v. Montgomery County Sheriff

Plaintiff is cautioned that the Court has the power to deny *in forma pauperis* status to litigants who file suit without having a proper claim under federal law.

December 4, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Case: 3:12-cv-00338-WHR-MRM Doc #: 11 Filed: 12/05/12 Page: 7 of 7  PAGEID #: 53