# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

    Plaintiff,

:

Case No. 3:12-cv-338

:

   -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

ED SLATER, et al.,

:

    Defendants.

## DECISION AND ORDER DENYING MOTION TO RECUSE

This case is before the Court on Plaintiff's Motion to Recuse District Judge Walter Herbert Rice and Magistrate Judge Michael R. Merz (Doc. No. 14). Plaintiff relies on 28 U.S.C. § 455 and *Marshall v. Jerrico, Inc.,* 446 U.S. 238 (1980).

Plaintiff's asserted basis for recusal is his belief that his prior motion to compel and for judgment on the pleadings were not fairly decided and that these two judges cannot decide his case in a fair and impartial manner. He does not give any detail about why or how the motion was unfairly decided except that they were fount moot in light of the Report and Recommendations of the Magistrate Judge that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The United States Supreme Court has made it clear that motions to dismiss under Fed. R. Civ. P. 12(b)(6) serve an important purpose of positioning cases for dismissal, if the complaint is defective, before expensive discovery has taken place. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).  In the *Twombly* case, the Court held:

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).  That is precisely the situation here.  It would be improper to compel discovery in a case where the Complaint did not state a claim for relief.  It obviously would be even more inappropriate to grant judgment on the pleadings where the Complaint was defective.  Plaintiff has not attempted to amend his complaint in response to the Defendants' Motion to Dismiss and has not as yet filed any objections to the Magistrate Judge's Report and Recommendations, so the Court is unaware of whether he opposes the recommendation or not.

The standard applied in evaluating recusal motions is an objective one.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540 (1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held.  *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990);

2

*Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003)*;Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540 (1994); *see also Alley v. Bell*, 307 F. 3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are

3

> within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Id.* Plaintiff here has not suggested any extrajudicial source of bias on the part of Judge Rice or Judge Merz.

The Motion to Recuse is DENIED.

December 27, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
