**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DRAKE A. EDWARDS,

                                   :

       Plaintiff,                            Case No. 3:12-cv-338

                                   :           District Judge Walter Herbert Rice

    -vs-                                   Magistrate Judge Michael R. Merz

ED SLATER, et al.,

                                   :

       Defendants.

## DECISION AND ORDER DENYING MOTION TO RECUSE

This case is before the Court on Plaintiff's Motion to Recuse District Judge Walter Herbert Rice and Magistrate Judge Michael R. Merz (Doc. No. 14). Plaintiff relies on 28 U.S.C. § 455 and *Marshall v. Jerrico, Inc.,* 446 U.S. 238 (1980).

Plaintiff's asserted basis for recusal is his belief that his prior motion to compel and for judgment on the pleadings were not fairly decided and that these two judges cannot decide his case in a fair and impartial manner. He does not give any detail about why or how the motion was unfairly decided except that they were fount moot in light of the Report and Recommendations of the Magistrate Judge that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The United States Supreme Court has made it clear that motions to dismiss under Fed. R. Civ. P. 12(b)(6) serve an important purpose of positioning cases for dismissal, if the complaint is defective, before expensive discovery has taken place. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).   In the *Twombly* case, the

Court held:

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland,*

*Ohio,* 502 F.3d 545 (6th Cir. 2007).   That is precisely the situation here.   It would be improper to

compel discovery in a case where the Complaint did not state a claim for relief.   It obviously

would be even more inappropriate to grant judgment on the pleadings where the Complaint was

defective.   Plaintiff has not attempted to amend his complaint in response to the Defendants'

Motion to Dismiss and has not as yet filed any objections to the Magistrate Judge's Report and

Recommendations, so the Court is unaware of whether he opposes the recommendation or not.

The standard applied in evaluating recusal motions is an objective one.   "[W]hat matters

is not the reality of bias or prejudice, but its appearance."   *Liteky v. United States,* 510 U.S. 540

(1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with

knowledge of all the facts would conclude that the judge's impartiality might reasonably be

questioned.   This standard is not based 'on the subjective view of a party,'" no matter how

strongly that subjective view is held.   *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990);

*Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d

1246 (6th Cir. 1989);  *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial.  *United*

*States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler  v. Southland Corp.*, 875 F.2d 1246,

1250 (6th Cir. 1989).  That is, it "must stem from an extrajudicial source and result in an opinion

on the merits on some basis other than what the judge learned from his participation in the case."

*United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778

(1966);  *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003);*Bradley v. Milliken,* 620 F.2d

1143 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979).  The Supreme Court

has written:

> The fact that an opinion held by a judge derives from a source
> outside judicial proceedings is not a *necessary* condition for 'bias
> and prejudice' recusal, since predispositions developed during the
> course of a trial will sometimes (albeit rarely) suffice.  Nor is it a
> *sufficient* condition for  'bias and prejudice' recusal, since some
> opinions acquired outside the context of judicial proceedings (for
> example, the judge's view of the law acquired in scholarly reading)
> will not suffice. ... [J]udicial rulings alone almost never constitute
> valid basis for a bias or partiality motion.  See *United States v.*
> *Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d
> 778 (1966). ... Second, opinions formed by the judge on the basis
> of facts introduced or events occurring in the course of the current
> proceedings, or of prior proceedings, do not constitute a basis for a
> bias  or  partiality  motion  unless  they  display  a  deep-seated
> favoritism  or  antagonism  that  would  make  fair  judgment
> impossible."

*Liteky v. United States,* 510 U.S. 540 (1994); *see also Alley v. Bell*, 307 F. 3d 380, 388 (6th Cir.

2002)(quoting the deep-seated favoritism or antagonism standard).  The Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of
> impatience, dissatisfaction, annoyance, and even anger, that are

3

> within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Id.*  Plaintiff here has not suggested any extrajudicial source of bias on the part of Judge Rice or

Judge Merz.

The Motion to Recuse is DENIED.

December 27, 2012.

s/ *Michael R. Merz*<br>
United States Magistrate Judge